## RICHARDS v. MEISSNER.

PATENTS; INTERFERENCES; NEWLY DISCOVERED EVIDENCE; APPELLATE
PRACTICE.

1. A reopening of a cause for introduction of newly discovered evidence is always a matter for the trial court and within its discretion, and is not subject to review on appeal.

2. Where it is not apparent that alleged newly discovered evidence, consisting of a letter, was not accessible to the party seeking to have the cause reopened for its admission during the taking of testimony, or at an earlier stage than when the motion was made to reopen the case; and also where the letter, if introduced, would not apparently affect the ultimate decision of the case, not being inconsistent with the claim of the adverse party,—the discretion of the lower court in denying such a motion cannot, even if reviewable on appeal, be said to have been properly exercised.

3. A motion in this court by the appellant in a patent interference case to remand the case to the Commissioner of Patents in order that it might be reopened in the Patent Office for the introduction of newly discovered evidence, and also for the allowance of the filing of an amended preliminary statement by the appellant, *denied*, the Com-

missioner of Patents having denied a similar motion. (Following *Cross* v. *Phillips*, 14 App. D. C. 228.)

4. "Early spring" necessarily means not earlier at the utmost than March 1st, and probably not that early.

5. The making by one of the parties to an interference, of sketches showing the invention of the issue, which sketches were made from a complete tool before him, shows both conception and reduction to practice.

No. 278.    Patent Appeals.    Submitted November 18, 1904.    Decided December 7, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. William Secher, Mr. William S. Jackson,* and *Mr. E. Hayward Fairbanks* for the appellant.

*Mr. Edward Rector* and *Mr. Samuel E. Hibben* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

In this case, which is an interference case on appeal from a decision of the Commissioner of Patents, the subject-matter of controversy is that of priority of invention of an improvement in pneumatic hammers, which improvement is stated in the five counts following:

"1. The combination in an impact tool, of a cylinder, a piston reciprocable therein, inlet and exhaust passages for the motive fluid, and a valve movable in a chamber at one end of the cylinder and serving to control the flow of motive fluid to and from each end of the cylinder, one face of said valve being open to a chamber in which motive fluid is compressed by the piston as the latter approaches one end of its stroke, and the other face of the valve being open to a chamber to which motive fluid under normal pressure is admitted.

"2. The combination in an impact tool, of a cylinder, a piston reciprocable therein, inlet and exhaust passages for the motive fluid, and a valve movable in a chamber at one end of the cylinder and serving to control the flow of motive fluid to and from each end of the cylinder, said valve having one face open to a chamber in which motive fluid is compressed by the piston as the latter approaches one end of the stroke, and another face of larger area than the first open to a chamber to which motive fluid under normal pressure is admitted.

"3. In a pneumatic tool of the type described, a valve to control the admission and exhaust to and from the cylinder, said valve being actuated by a direct air pressure at one stroke of the piston, and by compression of the air between it and the piston at the return stroke.

"4. The combination in an impact tool, of a cylinder, a piston reciprocable therein, inlet and exhaust passages for the motive fluid, a valve movable in a chamber at one end of the cylinder and serving to control the flow of motive fluid to and from each end of the cylinder, said valve having an enlarged head and one face of the valve being open to a chamber in which the motive fluid is compressed by the piston as the latter approaches one end of its stroke, and a passage leading from the chamber which receives the enlarged head of the valve to a point in the cylinder where it will be uncovered by the piston when the latter reaches the forward limit of its stroke, whereby the valve will be moved in one direction by motive fluid compressed by the piston at one end of its stroke, and in the other direction by motive fluid under normal pressure when the piston reaches the other limit of its stroke.

"5. In a fluid-pressure-operated tool, the combination with a cylinder, of a reciprocating piston therein, a valve casing, a differential piston valve in said casing controlling the supply and exhaust of fluid pressure to and from the opposite ends of the cylinder, said valve casing and cylinder having ports and passages whereby the valve is moved in one direction by air compressed by the piston and in the other direction by fluid pressure flowing through the cylinder from the supply port."

As will be seen, the invention is one very closely related to that which was the subject of contest in the case of *Murphy* v. *Meissner* [*ante,* 260]. In fact, the two parties to that case are, or were, parties also to this interference.

There were originally eight parties here, each claiming the same invention. Five of these dropped out one after another, and only three remained at the final hearing in the Patent Office—namely, the appellant, Charles B. Richards, the appellee, Edward C. Meissner, and one John F. Clement. All the decisions of the tribunals of the Patent Office were in favor of the appellee and adverse to the appellant, Richards, and to the contestant, Clement. Clement, although confessedly the first to conceive the invention, was held to be barred by laches, or want of due diligence; and he also has now dropped out. He took his appeal to this court, as Richards did; but he seems there to have abandoned the case, for he filed no petition for appeal, and has taken no farther steps in the case. The contest, therefore, is open only between Richards and Meissner.

Of these two Meissner is the senior applicant, having filed his application on November 12, 1900, which stands assigned to the Chicago Pneumatic Tool Company, a body corporate under the laws of the State of New Jersey, although apparently having its principal habitat in the city of Chicago. Richards filed his application a little upwards of a month after Meissner, on December 24, 1900; and his application stands assigned to the Cleveland Pneumatic Tool Company of Cleveland, Ohio, a body corporate under the laws of the State of Ohio. These two corporations, therefore, are the real contestants in the case.

Meissner, in his preliminary statement, alleged conception of the invention on or about August 1, 1899; disclosure of it on or about October 1, 1899; and reduction of it to practice on or about December 1, 1899. Richards, in his preliminary statement, alleged conception "in the early spring" of 1900; disclosure also "in the early spring" of 1900; and reduction to practice "in the early summer" of 1900. This preliminary statement he sought afterwards repeatedly to amend, by putting back the several dates and rendering them somewhat more

definite; but this he was uniformly denied the right to do, and he was held to the dates as here stated.

Upon the record as made by the parties, all the tribunals of the Patent Office have found in favor of the appellee, Meissner; and the case is now before this court upon appeal from the Commissioner by Richards.

Various proceedings have been had in this case in this court, which it is proper to notice briefly. In the first place there was a suggestion of diminution of the record; and under the writ of certiorari the omitted portion was brought up. It consisted only of proceedings had in the Patent Office and before the Commissioner to procure the allowance on the part of Richards of an opportunity to introduce what is designated as newly discovered evidence. It is not apparent to us that this additional record has any substantial bearing on the case, or is at all necessary for the determination of the issues involved before this court. The reopening of a cause for the introduction of newly discovered evidence is always a matter for the trial court, and is in its discretion; and that discretion is not subject to review in a purely appellate tribunal, such as this court is. Moreover, if it is even proper for us to express an opinion on the subject, we do not think that the discretion has been at all abused or improperly exercised in this case. It is not apparent that the so-called newly discovered evidence, which consisted of a letter written by the Standard Railway Equipment Company of St. Louis on March 22, 1900, by the appellee Meissner, as its secretary or agent, was not accessible to the appellant during the taking of the testimony, or at all events at an earlier stage of the proceedings than when the motion was made to reopen the case; and we see no reason to question the propriety of the ruling of the Commissioner, or rather of the acting Commissioner, in that regard. Nor is it apparent that the letter, if introduced, would materially affect the ultimate disposition of this case. It is not inconsistent with the claim of the appellee.

In the next place, substantially the same motion has been made in this court: for we are asked and most earnestly urged to remand the case to the Commissioner for the purpose that the

case may be reopened in the Patent Office for the introduction of this alleged newly discovered testimony, and also for the allowance of the filing of an amended preliminary statement by Richards. But what we have already said in regard to this newly discovered testimony must suffice to dispose of the motion to remand the case on that ground: and, as to the matter of the allowance of an amendment of the preliminary statement, it stands upon no different basis. Repeated and persistent efforts were made in the Patent Office, while the case was pending there, not before the testimony was taken, but after his testimony in chief had been concluded on behalf of Richards, for leave to him to amend his preliminary statement; but the motion was always denied. In the denial we do not see that there was any abuse of the discretion vested in the Commissioner; and we find no ground for the review of that discretion. *Cross v. Phillips,* 14 App. D. C. 228.

On behalf of the appellee, Meissner, a motion has been made to expunge from the record all that relates therein to the appellant, John F. Clement, who failed to perfect his appeal, and who, as already stated, has dropped out of the case. This motion we understand to have been agreed to by counsel on behalf of Richards: and, of course, under the circumstances, the case made by Clement cannot be considered in the determination of the controversy between Richards and Meissner.

This leads us to a consideration of the merits of the case: and upon this consideration we find no sufficient cause shown by the appellant to disturb the concurrent judgments of the three several tribunals of the Patent Office.

Richards, the appellant, is restricted by his preliminary statement, to *"the early spring"* of 1900 for his date of conception of the invention. This necessarily means not earlier at the utmost than March 1, 1900; and it may be that he should be allowed not even that date. Undoubtedly, if the exigencies of the controversy required it, he could not be given that date. All the tribunals of the Patent Office find that before that day Meissner had not only conceived the invention, but even reduced it to practice. And if this be the fact, Meissner's prior-

ity is beyond question.   That it is the fact we believe the testi-
mony sufficiently shows.

Without entering at large into a consideration of the record
for the establishment of Meissner's date of conception or date
of reduction to practice, we find by testimony on his behalf that
is unimpeached that before February 19, 1900, he had made
sketches showing the invention, and that these sketches had been
made from a complete tool before him at the time.   This shows
both conception and reduction to practice before that date.   And
this testimony, if there were no other in the case, would be suf-
ficient for an award of priority in his favor.

The decision of the Commissioner of Patents awarding judg-
ment of priority of invention in favor of the appellee, Meissner,
is affirmed.

The clerk will certify this opinion and the proceedings in
this court in the premises to the Commissioner of Patents ac-
cording to law.                                    *Affirmed.*

A motion by the appellant for a rehearing was denied.